UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION -- LEXINGTON

| | |
|---|---|
| ANGEL PASTOR DOSS,<br><br>　　　Plaintiff,<br><br>V.<br><br>LEXINGTON FAYETTE URBAN<br>　COUNTY GOVERNMENT, et al,<br><br>　　　Defendants. | Civil Action No. 5:15-12-KKC<br><br><br><br>**MEMORANDUM OPINION<br>AND ORDER** |

　　　This matter is before the Court to address several motions filed by the parties.

## Background

　　　Angel Pastor Doss is a resident of Louisville, Kentucky. On January 16, 2015, Doss filed a civil complaint against the Lexington-Fayette Urban County Government ("LFUCG"), the Boone County Fiscal Court ("BCFC"),[1] and the Commonwealth of Kentucky ("Kentucky"). In his complaint, Doss indicates that he has extensive experience working as a "jockey agent" for the thoroughbred horse industry. [R. 7, p. 2] Although the allegations in his complaint are somewhat disjointed and unclear, Doss indicates that on January 22, 2014, he was arrested for speeding while driving on Interstate 64, perhaps in Boone County. [R. 7, p. 3] Doss was arraigned on that charge in Louisville, Kentucky, and was then transferred to the Fayette Circuit Court in Lexington, Kentucky, to answer a charge that he had violated the terms of his probation. *Id.*

　　　Doss was released on his own recognizance on February 7, 2014. On April 24, 2014, Doss moved to discharge the public defender assigned to represent him in the probation revocation case. Following proceedings on May 22, 2014, the probation revocation charges

---

[1] The Boone County Fiscal Court was substituted as a defendant for the Boone County Clerk's Office in plaintiff's first amended complaint, filed pursuant to court order on February 9, 2015. [R. 7]

were dismissed on June 28, 2014. [R. 7, p. 5] However, on July 28, 2014, Kentucky's Department of Transportation suspended Doss's driver's license, and gave him thirty days to respond. Doss alleges that at an August 28, 2014, hearing before the Boone Circuit Court, the presiding judge "allowed [plaintiff] to leave the court room with driving privileges ..." Although his next allegation is unclear, Doss suggests that on October 2, 2014, he filed a motion to reopen the case in the Boone Circuit Court because he was tried *in abstentia*; however, he was ordered to pay the remaining fine or face jail time. [R. 7, p. 5] Doss indicates that his driving privileges were restored on January 20, 2015.

Doss's first amended complaint sets forth seven claims. Dodd contends that:

1. All of the defendants violated 18 U.S.C. §§ 241, 242 – federal statutes which criminalize deprivations of, or conspiracies to violate, federal civil rights – by "violat[ing] my free exercise and enjoyment of rights and privileges secured by the Constitution or laws of the United States."

2. All of the defendants violated Ky. Rev. Stat. 30.125 – which requires circuit court clerks to report the final disposition of criminal cases to Kentucky's Administrative Office of the Courts – by failing to preserve and disclose evidence and breaching an unidentified contract.

3. LFUCG and Kentucky violated Kentucky's implementation of the Interstate Agreement on Detainers, Ky. Rev. Stat. 440.450, and Interstate Compact for Adult Offender Supervision, Ky. Rev. Stat. 439.561.

4. All of the defendants violated 18 U.S.C. §§ 1505, 1506, 1510, 1512, 1513, 1514, 1514A, 1516, and 1519 – federal statutes which criminalize or provide remedies for acts to obstruct justice – by "dishonest management and failing to uphold a sworn oath of office."

5. All of the defendants violated 18 U.S.C. § 371 – which criminalizes offenses or frauds directed against the United States – by "mis[using] confidential information."

6. LFUCG and Kentucky "used defamatory language which caused injury to my reputation."

7. BCFC violated 18 U.S.C. § 3585(b) by not "allow[ing] for time served."

[R. 7, pp. 5-8][2]  For relief, Doss seeks $12.15 million in damages from LFUCG, $5.05 million in damages from BCFC, and from Kentucky, Doss requires "employment as Kentucky's Racing Ambassador for the horse." [R. 7, p. 8]

On February 24, 2015, Kentucky and BCFC moved to dismiss the complaint. [R. 12, 13] Before responding, Doss filed a second amended complaint on February 26, 2015, in which he partially modified the factual basis for his claims, recharacterized four of them as arising under a curious and uncertain amalgam of federal criminal statutes, Kentucky law, and civil rights claims under 42 U.S.C. § 1983, and added five new pendent state law claims. [R. 16] Because Doss did not obtain leave of the Court to file his second amended complaint, Kentucky and BCFC moved to strike it from the record. [R. 18, 19] Doss filed a combined response to these motions. [R. 20] Doss also filed a motion for default judgment against LFUCG and Kentucky [R. 23], to which Kentucky has responded [R. 24]. LFUCG has not appeared or filed an answer to the complaint in this action. All pending motions have been thoroughly briefed and are ripe for decision.

**Discussion**

A.  Motion for Default Judgment.

As a preliminary matter, Doss's motion for default judgment against LFUCG and Kentucky [R. 23] must be denied. Doss contends that he served both defendants on January 21, 2015, that neither has filed an answer or other defense to his claims, and that default was entered against them on April 24, 2015. [R. 23, p. 1] Each of Doss's three contentions is incorrect.

---

[2] Doss's original complaint set forth identical factual allegations, but claimed that the defendants violated various Kentucky statutes, including Ky. Rev. Stat. 30A.080, 516.020, 522.020(1), 522.040(1), instead of federal law.

3

On January 29, 2015, Doss filed a "Certificate of Service" with the Court which indicates that he sent a copy of the complaint by regular mail to each of the defendants. [R. 3, pp. 1-3] But federal law requires a plaintiff to personally serve a copy of the complaint, accompanied by a properly-completed summons issued by the Clerk of the Court, to the chief executive officer of the state agency or county government. *See* Fed. R. Civ. P. 4(a)-(c), (j)(2)(A). Thus Doss's use of regular mail does not constitute effective service. A federal plaintiff may also avail himself of service methods permitted by Kentucky law, Fed. R. Civ. P. 4(j)(2)(B), but the Kentucky Rules require service by certified or registered mail upon the Kentucky Attorney General or, for LFUCG, upon its chief executive. CR 4.01(1)(a), 4.04(6)-(7); *Davenport v. Norsworthy*, 2003 WL 21714085, at *2 (Ky. App. 2003). Here, the record does not reflect that Doss obtained a court-issued summons or served a summons and complaint upon the defendants either personally or by certified mail. If Doss only attempted service by the means suggested by his "Certificate of Service" [R. 3], none of the defendants was properly served with process, as each contends. [*See* R. 12, p. 2 n.1 ("The Commonwealth has not received proper service of Plaintiff's Complaint under Fed. R. Civ. P. 4."); R. 13, p. 7 n.4 (noting that Doss served the Boone County Clerk's Office instead of BCFC, and did not appear to either include a summons form or use certified mail)]

Second, LFUCG's obligation to respond to Doss's complaint is not triggered until it is properly served with process. Fed. R. Civ. P. 12(a)(1)(A)(i). And because Kentucky has filed a motion to dismiss the complaint under Rule 12, it need not file an answer until after the Court resolves its motion. Fed. R. Civ. P. 12(a)(4)(A). Third, Doss did not request or receive entry of default against the defendants as required by Rule 55(a). Had he requested such entry, the Clerk of the Court would rightly have denied the request for Doss's failure to file

4

the proof of service required by Rule 4(l)(1). For these reasons, Doss's motion for default judgment must be denied.

B.      Motion to Dismiss the First Amended Complaint.

Kentucky and BCFC have moved to dismiss Doss's first amended complaint for failure to state a claim. [R. 12, 13] Kentucky contends that it is entitled to dismissal of Doss's complaint because it merely references a laundry list of federal and state statutes, without explanation of the basis for claims under them, and that some of the referenced sections self-evidently do not apply to state, as opposed to federal, officials. [R. 12, pp. 2-7] Kentucky, construing Doss's first amended complaint as asserting claims under 42 U.S.C. § 1983, also asserts it is entitled to sovereign immunity from Doss's claims. *Id.*, pp. 7-10. For its part, BCFC contends that Doss failed to properly serve it with the complaint [R. 13, p. 7], his complaint fails to state a claim against it because the federal statutes cited by Doss relate to proceedings involving federal, not state, agencies and courts, *id.*, pp. 8-13, and fails to state a claim under 42 U.S.C. § 1983 under any of the constitutional amendments Doss referenced in passing in the heading of his complaint [R. 13, pp. 14-17].

In response to these motions, Doss makes one argument: that his complaint contains sufficient factual matter to satisfy the notice pleading requirements of Federal Rule of Civil Procedure 8. [R. 20, pp. 2-3] Kentucky and BCFC have each filed replies in further support of their motions, noting that Doss has at least partially failed to address their arguments. [R. 21, 22] Doss has also filed a one-paragraph sur-reply to the motions to dismiss [R. 26], which the Court will disregard as having been filed without obtaining prior leave of the Court to file it. LR 7.1.

Ordinarily, the Court would address Doss's filing of a second amended complaint [R. 16] and the defendants' motions to strike it [R. 18, 19] before evaluating their motions to

dismiss his first amended complaint for failure to state a claim. But here, Doss's first amended complaint set forth legal claims entirely different from those he subsequently asserted in his second amended complaint, and it is appropriate to test the sufficiency of Doss's initial claims first. This is particularly so because, while the defendants read Doss's first amended complaint very broadly to assert claims under 42 U.S.C. § 1983, the Court cannot stretch even the liberality afforded to *pro se* pleadings so far. Because Doss is proceeding without counsel, the Court liberally construes his legal claims in his favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). But "[o]rdinary civil litigants proceeding *pro se*, however, are not entitled to special treatment ..." *McKinney v. Roadway Express, Inc.*, 341 F.3d 554, 558 (6th Cir. 2003).

Here, the heading on the first page of Doss's first amended complaint states that it is a "Complaint for Compensatory and Punitive Damages, Civil Rights Violations 1st, 2nd, 5th, 6th, 8th, 9th, and 14th Amendments, Penalties under as 18 U.S.C.A. § 2076, 18 U.S.C.A. § 2071(a) and (b), 28 U.S.C.A. §2255, 42 U.S.C.A. § 1983, 403 U.S. 388, 410 (1971) and Other Appropriate Relief." The first numbered paragraph also states generally that he seeks damages for civil rights violations, including for substantive and procedural due process violations. [R. 7, p. 1] But Doss does not refer to these constitutional provisions or federal statutes again later in his complaint, does not make any assertion that the defendants violated his constitutional rights, and does not refer to facts which would even suggest, let alone clearly relate to, an asserted constitutional violation. The Supreme Court has made clear that Rule 8's "plain statement" requirement demands "more than labels and conclusions." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). And "liberal construction [of a *pro se* party's pleadings] does not require a court to conjure allegations on a litigant's behalf." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004); see also *Superior*

6

*Kitchen Designs, Inc. v. Valspar Indus. (U.S.A.), Inc.*, 263 F. Supp. 2d 140, 148 (D. Mass. 2003) ("While the allegations of the complaint are construed favorably to the plaintiff, the court will not read causes of action into the complaint which are not alleged.").

This case would present a much closer question about the legal basis for Dodd's claims and the sufficiency of his pleading had his complaint, after referring to 42 U.S.C. § 1983 and a number of constitutional amendments, simply alleged facts and said nothing more about the nature of his claims. But here, Doss expressly identifies the legal basis for each of his seven claims at the outset of each count, specifically referring to 18 U.S.C. §§ 241, 241 (Count I); Ky. Rev. Stat. 30A.125 (Count II); Ky. Rev. Stat. 439.561 (Count III); 18 U.S.C. §§ 1505-1519 (Count IV); 18 U.S.C. § 371 (Count V); defamation (Count VI); and 18 U.S.C. § 3585(b) (Count VII). Because Doss has specifically identified the legal basis for his claims, it would be inappropriate to disregard the legal claims he clearly chose to assert by "construing" his statements as instead asserting claims arising under wholly-different legal theories. *Accord Martin*, 391 F. 3d at 714 (while "substance, rather than labels, should control in legal proceedings, [the plaintiff] does bear some responsibility for identifying his own claims before the court.")

If the Court analyzes the claims Doss actually and clearly asserted (rather than the ones he could have asserted) in his first amended complaint, it is plain that they are subject to dismissal. Doss's claims in Counts I, IV, V, and VII arise under federal criminal statutes, and he lacks standing to assert claims under any of them. Because a private citizen lacks a judicially cognizable interest in the criminal prosecution of another, *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), a civil plaintiff generally has no standing to assert a claim arising under a criminal statute. *Chrysler Corp. v. Brown*, 441 U.S. 281, 316 (1979) ("This Court has rarely implied a private right of action under a criminal statute,

7

and where it has done so 'there was at least a statutory basis for inferring that a civil cause of action of some sort lay in favor of someone.'").

Accordingly, courts have uniformly found that there is no private right of action which a civil plaintiff may assert under the same criminal statutes Doss identifies here. See *Kafele v. Frank & Wooldrige Co.*, 108 F. App'x 307 (6th Cir. 2004) (civil plaintiff has no private right of action to assert a claim under 18 U.S.C. §§ 241, 242, 1505); *Moldowan v. City of Warren*, 578 F.3d 351, 391 (6th Cir. 2009) (civil plaintiff may not assert a claim under 18 U.S.C. § 1503, and violation of that section cannot provide a basis for liability under 42 U.S.C. § 1983 "because it does not contain explicit 'rights-creating language.'"); *Shahin v. Darling*, 606 F. Supp. 2d 525, 538 (D. Del. 2009) (no private right of action under 18 U.S.C. §§ 1506, 1512, 1513); *Davis v. Broward Co., Fla.*, No. 11-61819, 2012 WL 279433, at *8 (S.D. Fla. Jan. 31, 2012) ("obstruction of justice [under § 1510] is a criminal charge that does not provide for a private cause of action."); *Bey ex rel Graves v. Richmond Redev. & Housing Auth.*, No. 3:13CV-464-HEH, 2013 WL 4066945, at *4-5 (E.D. Va. Aug. 9, 2013) (Section 1514, 1514A "are criminal statutes with no private cause of action."; "18 U.S.C. § 371 criminalizes the act of conspiring to commit a crime against the United States; it does not create a cause of action for individuals alleging conspiracy."); *Townsend v. Public Storage, Inc.*, No. 1:13-CV-1600 (TJM/TWD), 2014 WL 1764432, at *5 (N.D.N.Y. Apr. 30, 2014) (no private right of action under 18 U.S.C. § 1516); *Williams v. Finnegan*, No. 5:13-CV-2214, 2014 WL 2434590, at *3 (N.D. Ohio May 29, 2014) (no private right of action under 18 U.S.C. § 1519). Count VII, which refers to 18 U.S.C. § 3585(b), does not apply to Doss because he was in state, rather than federal custody. Accordingly, the Court will dismiss Counts I, IV, V, and VII of the first amended complaint with prejudice.

The remaining counts assert violations of Kentucky statutes, Ky. Rev. Stat. 30A.125 and 439.561, and a common law defamation claim. But having dismissed all of the federal claims which provide a basis for this Court's federal question jurisdiction under 28 U.S.C. § 1331, the Court must determine whether to exercise supplemental jurisdiction over purely state law claims. A district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist", and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the state law claims in Doss's first amended complaint without prejudice.

C.    Motions to Strike the Second Amended Complaint.

Dismissal of the first amended complaint would warrant dismissal of the case, unless the Court permits Doss to file his tendered second amended complaint. [R. 16] The heading and preliminary paragraph of the proposed amendment expressly indicate that Doss wishes to assert four claims under 42 U.S.C. § 1983 (for "arrest," "detention and confinement," "conspiracy, and "refusing or neglecting to prevent") and five claims under Kentucky law (for malicious prosecution, "malicious" abuse of process, intentional infliction of emotional distress, negligence, and negligent infliction of emotional distress). [R. 16, pp. 1, 3] The factual allegations in the second amended complaint are identical to those set

9

forth in the first. [R. 16, pp. 4-6] Doss contends in Count I that all of the defendants violated his constitutional rights on by arresting him on January 22, 2014, and detaining him [R. 16, p. 7]; in Count II that all of the defendants violated his constitutional rights by imprisoning him, presumably from January 23, 2014, to February 7, 2014 [R. 16, p. 8]; in Count III that Kentucky and LFUCG violated his due process and equal protection rights, as well as Ky. Rev. Stat. 440.450, 439.561, by jailing him [R. 16, p. 9]; and in Count IV that all of the defendants conspired against him in court proceedings between April 20, 2014, and May 22, 2014 [R. 16, p. 10]. Doss also identifies two new sets of defendants, which include Fayette County Circuit Judge Thomas Clark, Fayette County Clerk Vincent Riggs, and Fayette County public defender Chris Tracy, collectively identified as "Defendant Number Four", and Boone County Clerk Kenny Brown, Boone County Circuit Judge Jeffrey Smith, and Boone County Deputy Jones, collectively identified as "Defendant Number Five." [R. 16, p. 4]

In their motions to strike, Kentucky and BCFC both correctly note that Doss is permitted to amend his complaint only once as a matter of right, after which he must obtain court approval pursuant to Rule 15(a)(2) to further amend it. [R. 18-1, pp. 2-4; R. 19, p. 5] Doss made no effort, either before he tendered his second amended complaint or at any time thereafter, to seek Court permission to file his proposed amendment.

The Court would therefore grant the motions to strike the tendered second amended complaint on procedural grounds unless it determines that permission to amend the complaint should be granted notwithstanding Doss's failure to seek it. Generally, the Court should grant leave to file an amended complaint "freely." Fed. R. Civ. P. 15(a). But a court may refuse to permit amendment where equitable or practical considerations warrant a different outcome. Amendment may be denied if the plaintiff delayed unreasonably in

10

seeking the amendment, failed to address the shortcoming the amendment seeks to correct in prior amendments, otherwise requests the amendment for improper purposes, if the defendant would be unduly prejudiced by the amendment, or if the amendment would be futile. *Desparois v. Perrysburg Exempted Village School Dist.*, 455 F. App'x 659, 667 (6th Cir. 2012) (citing *Brumbalough v. Camelot Care Centers, Inc.*, 427 F.3d 996, 1001 (6th Cir. 2005)).

Here, there can be little doubt that Doss's second attempt to amend his complaint, filed contemporaneously with the defendants' motion to dismiss, had a prejudicial effect upon the defendants because they had already thoroughly briefed the issues presented by his first amended complaint. And it is equally true that Doss failed to seek or obtain the Court's permission to amend his complaint a second time as required by the federal rules. On the other hand, Doss's procedural error can be attributed to the lack of familiarity with court rules typical of *pro se* plaintiffs. This case is also in the early stages, limiting the prejudicial effect of the proposed amendment, and the latitude afforded to *pro se* plaintiffs perhaps ought reasonably to extend to a layman's efforts to identify the correct legal basis appropriate to his claims. Consideration of these factors, without more, weighs slightly in favor of disallowing the proposed amendment.

However, there is the matter of futility. Amendment of the complaint is considered futile if the proposed amended complaint would be subject to dismissal for failure to state a claim. See *Kottmyer v. Maas*, 436 F.3d 684, 692 (6th Cir. 2006). It is plain that the claims against the newly-identified defendants would have to be dismissed. While the second amended complaint names the circuit court clerks and circuit court judges of Boone and Fayette counties as defendants [R. 16, p. 4], it makes no factual allegations whatsoever about what these persons did or did not do, does not articulate any legal claim against

11

them, and most importantly, does not seek any form of relief against them. [R. 16, pp. 15-16] The second amended complaint thus fails to state a claim against any of these new defendants. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.").

As the Commonwealth of Kentucky correctly noted in its amended motion to dismiss, Doss's claims against it under 42 U.S.C. § 1983 would be subject to dismissal, both because States are not "persons" within the meaning of Section 1983, *Ridgeway v. Kentucky*, 510 F. App'x 412, 413 (6th Cir. 2013) (*citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)), and because the Eleventh Amendment excepts claims against a state from a federal court's subject matter jurisdiction, *Grinter v. Knight*, 532 F.3d 567, 571-72 (6th Cir. 2008). Of course, this prohibition does not apply to purely prospective injunctive relief to prevent future wrongs. *Ex parte Young*, 209 U.S. 123 (1908). But Doss clearly seeks substantial monetary damages against Kentucky [R. 16, pp. 7, 8, 9, 11] As for Doss's request for employment as "Kentucky's Racing Ambassador for the horse" [R. 16, p. 15], such a position would presumably require a salary paid from the state's coffers, but even without a salary, it plainly seeks a form of compensation for past wrongs instead of a prospective prohibition against future conduct. Such retrospective relief falls outside the narrow exception of *Ex parte Young*. *See S & M Brands, Inc. v. Cooper*, 527 F. 3d 500, 509-11 (6th Cir. 2008); *Edelman v. Jordan*, 415 U.S. 651, 664-68 (1974). Kentucky would therefore be entitled to prompt dismissal of the federal claims in Doss's proposed second amended complaint.

For its part, BCFC contends that as a legislative - rather than executive or judicial - body, the Fiscal Court simply had no involvement in the conduct about which Doss

complains, which relate to the issuance of a speeding ticket, his arrest and detention for a probation violation, and the suspension of his driver's license. [R. 13, pp. 8, 10, 11, 13; R. 19, pp. 6] These actions would have been taken by the police officer, the circuit court clerk, and the Kentucky Transportation Cabinet, persons and entities not before this Court. In addition, Doss fails to set forth any factual basis for his claims under Section 1983 that he was improperly arrested or imprisoned, or that his due process and equal protection rights were violated. Doss does allege that he was given a speeding ticket and arrested and confined for violating the terms of his probation. [R. 16, pp. 4-6] But none of his allegations suggest that any party, or BCFC in particular, acted wrongfully, failed to afford him the due process of law, violated his equal protection rights by treating him differently than others similarly situated, arrested him without probable cause, or detained him without justification. Doss's conclusory allegations in Counts I-IV of his second amended complaint constitute nothing more than "a formulaic recitation of the elements of a cause of action" which is insufficient to state a claim. *Twombly*, 550 U.S. at 555. And his failure to "plead factual content that allows the court to draw the reasonable inference" that **BCFC** is responsible for the misconduct alleged warrants dismissal of his Section 1983 claims. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Martinson v. Regents of the Univ. of Mich.*, 562 F. App'x 365 (6th Cir. 2014).

Doss also asserts various claims under state law against each of the defendants in his second amended complaint, but as with his first amended complaint, the Court would dismiss the state law claims without prejudice under 28 U.S.C. § 1367(c) having concluded that all of his federal claims must fail. *Musson Theatrical*, 89 F.3d at 1255. Because permitting the amendment Doss implicitly sought by tendering his second amended

13

complaint would be futile, the Court would deny amendment, and will therefore grant the defendants' motions to strike Doss's second amended complaint.

Accordingly, **IT IS ORDERED** that:

1. Plaintiff Angel Doss's motion for default judgment [R. 23] is **DENIED**.

2. Defendants Commonwealth of Kentucky and Boone County Fiscal Court's motions to strike Doss's second amended complaint [R. 18, 19] are **GRANTED**. The Clerk of the Court shall **STRIKE** the second amended complaint [R. 16] from the record.

3. Defendants Commonwealth of Kentucky and Boone County Fiscal Court's motions to dismiss the first amended complaint for failure to state a claim [R. 12, 13] are **GRANTED**.

4. Counts I, IV, V, and VII of the first amended complaint [R. 7] are **DISMISSED WITH PREJUDICE**. Counts II, III, and VI of the first amended complaint are **DISMISSED WITHOUT PREJUDICE**.

5. The Court will enter a judgment contemporaneously with this Order.

6. This matter is **STRICKEN** from the active docket.

Entered July 14, 2015.



KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY

14